**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 27 2013, 5:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LARAYSHA WEBB, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 49A02-1304-CR-341 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1204-CM-23289

**November 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Laraysha Webb challenges the sufficiency of evidence to support her conviction for class C misdemeanor operating a vehicle without a license. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

On April 8, 2012, police were dispatched to an Indianapolis apartment complex to address a physical fight between some women, possibly involving a firearm. When Officer Daniel Kistner arrived on the scene, officers had already placed two women in handcuffs. Shortly thereafter, Webb drove up next to Officer Kistner, exited her vehicle, and approached the handcuffed women, one of whom was her mother. When Officer Kistner heard Webb yell and use profanity, he instructed her to be quiet and to return to her vehicle and leave. She refused to return to her vehicle, in which two small children were in the back seat. When the officer asked to see her identification, she questioned why. She explained that she had a license but did not have it with her because she had left home in a hurry. She gave the officer her name and date of birth. Officer Kistner radioed her personal information to police communications and discovered that her license status was "unlicensed out of Indiana and Illinois." Tr. at 16. He confirmed the information by running a Bureau of Motor Vehicles ("BMV") check on his squad car computer and arrested her at the scene.

On April 11, 2012, the State charged Webb with class B misdemeanor disorderly conduct and class C misdemeanor operating a vehicle without a license. At Webb's bench trial, the State introduced her BMV records, which showed that she had obtained an Indiana

2

operator's license three months after her arrest. The trial court found Webb not guilty of disorderly conduct and guilty of operating without a license. Webb now appeals her conviction. Additional facts will be provided as necessary.

**Discussion and Decision**

Webb challenges the sufficiency of evidence to support her conviction for operating a vehicle without a license. When reviewing an insufficiency of evidence claim, we neither reweigh evidence nor judge witness credibility. *Baird v. State*, 955 N.E.2d 8451, 847 (Ind. Ct. App. 2011). Rather, we consider the evidence and reasonable inferences most favorable to the judgment to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Id*. If there is substantial evidence of probative value to support the conviction, we will affirm. *Roush v. State*, 875 N.E.2d 801, 810 (Ind. Ct. App. 2007).

Indiana Code Section 9-24-18-1(a) (2010) states that a person "who knowingly or intentionally operates a motor vehicle upon a highway and has never received a valid driving license commits a Class C misdemeanor." Subsection (e) states, "In a prosecution under this section, the burden is on the defendant to prove by a preponderance of the evidence that the defendant had been issued a driving license or permit that was valid at the time of the alleged offense."

Although Webb concedes that she did not have an Indiana driver's license at the time of her alleged offense, she claims that she had a valid Illinois driver's license and that the evidence therefore was insufficient to support her conviction. As support for her argument,

3

she cites her trial testimony and the information contained in the "Remarks" portion of her BMV record. At trial, she testified that she had a valid Illinois driver's license at the time of her April 8, 2012 arrest and that she turned in her Illinois license when she obtained her Indiana license three months after her arrest. Tr. at 23-24. However, her trial testimony was controverted by evidence from Officer Kistner that according to a police communications check on her license status, on April 8, 2012, Webb had neither an Indiana nor an Illinois license. *Id*. at 16. During closing arguments, Webb's counsel stated, "[I]t is true I did not bring any paperwork showing she had an Illinois license." *Id*. at 43. Counsel then explained that he did not obtain the Illinois paperwork because he did not receive notice of the State's intent to introduce Webb's BMV record until the morning of trial.

Webb's certified Indiana BMV record shows that she did not have a valid Indiana license on the date of her offense. State's Ex. 1. The BMV record also shows that on February 24, 2011, Webb was cited for disregarding a traffic device, a seatbelt violation, and driving with "NO LICENSE OR PERMIT IN POSSESSION." *Id*. With respect to Webb's Indiana licensure, the BMV record shows that she sought and was eventually issued an Indiana operator's license on July 24, 2012. She does not dispute that she had never had an Indiana license prior to or at the time of her alleged offense. However, she now relies on her Indiana BMV record, not for what it indicates about her Indiana licensure status, but for what it allegedly indicates concerning her Illinois licensure status. In other words, she asserts that the "Remarks" section of her Indiana BMV record corroborates her testimony that she had a valid Illinois license on the date of the offense.

4

The "Remarks" section contains seven entries, listed in reverse chronological order:

ID card voluntarily surrendered on: 7/24/2012 6:43:22 PM

Interim License Effective: 7/24/2012, *Reason: NEW ISSUE DL, OUT-OF-STATE,* Control #: 3186719, Expiration: 8/23/2012

License Effective: 07/24/2012, Issue Operator, OPERATOR, Endorsements: None, Restrictions: None

Interim License Effective: 6/7/2012, Reason: DUPLICATE ID, IN-STATE, Control #: 2925208, Expiration: 7/7/2012 1 [sic]

Interim License Effective: 9/10/2011, Reason: DUPLICATE DL, IN-STATE, Control #: 1860868, Expiration: 10/10/2011

License Effective 09/10/2011, Duplicate ID Card, REGULAR ID CARD, Endorsements: None, Restrictions: None

License Effective: 01/02/2009, Issue ID Card, REGULAR ID CARD, Endorsements: None, Restrictions: None

*Id.* (emphasis added).

Webb cites the phrase "Reason: NEW ISSUE DL, OUT-OF-STATE," highlighted above, as evidence that she had an Illinois driver's license. We disagree based on the most recent entry, which indicates that in exchange for her license she surrendered an ID card, not an Illinois license, as she suggests. Simply put, the certified Indiana BMV record does not corroborate her testimony that she had a valid Illinois driver's license at all, let alone at the time of her offense. Her self-serving testimony was not sufficient to carry her burden of proving by a preponderance of evidence that she had a valid driver's license. In contrast, the State presented evidence that Webb did not have a license with her at the time of the offense; that when the arresting officer radioed her name and birthdate to headquarters, police

5

communications reported that she had no license in Indiana or Illinois; and that the BMV record confirmed the information regarding Indiana licensure and said nothing regarding Illinois licensure.  Webb's arguments on appeal are merely invitations to reweigh evidence and judge witness credibility, which we may not do.  Based on the foregoing, we conclude that the evidence is sufficient to support Webb's conviction.  Accordingly, we affirm.

Affirmed.

BARNES, J., and PYLE, J., concur.